UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL V. CHIRILLO

                                  Civil No. 2:08-cv-13483
        Plaintiffs,            Hon. John Feikens

-vs-

TWENTY-SIXTH FIRST DISTRICT
COURT, ANTHONY MALLAZO,


        Defendants.
_____/

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

Federal courts are courts of limited jurisdiction and are restricted in the cases on which they may rule. In this case, Plaintiff Daniel Chirillo has asked this Court to exercise jurisdiction over a contractual claim after he lost a similar case against the same Defendant, Anthony Mallazo, in state court. Chirillo's claim involves the alleged failure of Mallazo to perform obligations related to an agreement to install a furnace and make minor repairs.

Chirillo pleads that this Court has federal question jurisdiction over his claim. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Chirillo's Complaint appears to state a common law contractual claim. He has not pleaded a federal question, and thus, this Court does not have federal question jurisdiction over his claim. Also, this Court cannot assert diversity

jurisdiction over Chirillo's claim because according to the Complaint both Chirillo and Mallazo are residents of Michigan.

If Chirillo is attempting to appeal the State Court's ruling, he is barred from doing so under the Rooker-Feldman Doctrine. "The Rooker-Feldman Doctrine prohibits federal courts below the Supreme Court from exercising 'appellate jurisdiction over the decisions [or] proceedings of state courts, including claims that are inextricably intertwined with issues decided in state court proceedings.'" Muhammad v. Paruk, 553 F.Supp.2d 893, 897 (E.D.Mich 2008) (citing Executive Arts Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 793 (6th Cir. 2004)).

For the reasons stated above, I DISMISS this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date:     September 18, 2008              s/John Feikens
                                          United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on Sept. 18, 2008, by U.S. first class mail or electronic means.
>
>                    s/Carol Cohron
>                    Case Manager